IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMMY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-735-D |
| ) | |
| STATE OF OKLAHOMA *ex rel.* ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| VETERANS AFFAIRS, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's Partial Motion to Dismiss [Doc. No. 12], filed under Fed. R. Civ. P. 12(b)(6). Defendant State of Oklahoma *ex rel.* Oklahoma Department of Veterans Affairs seeks a partial dismissal of this action brought by Plaintiff Tammy Williams under the Rehabilitation Act of 1973, 29 U.S.C. §§ 791-94. Defendant asserts that the Amended Complaint fails to state a claim for relief based on a "failure to engage in the interactive accommodations process." *See* Am. Compl. [Doc. No. 10] ¶ 26. Plaintiff has filed a response [Doc. No. 13], and Defendant has replied [Doc. No. 14]. Thus, the Motion is ripe for decision.

Plaintiff is a former employee of Defendant who worked as a nurse practitioner from July 2018 to May 2020. Plaintiff alleges that, although she has numerous medical conditions, she was successfully performing her clinical job duties until the COVID-19 pandemic impacted her work. In the Amended Complaint, Plaintiff claims Defendant violated the Rehabilitation Act by terminating her employment based on disability

discrimination and in retaliation for her exercise of rights under the Act. Defendant's Motion focuses on a particular claim that it failed to engage in the interactive process that serves to determine a reasonable accommodation of an employee's disability. Defendant contends no independent claim exists for failure to engage in the interactive process. Also, Defendant contends a disability discrimination claim based on a failure to provide a reasonable accommodation of a disability is not available to the extent an employee claims only that she was "regarded as" disabled under 42 U.S.C. § 12102(1)(C).

Plaintiff does not disagree with either part of Defendant's argument. She instead opposes the Motion by arguing: 1) she also pleads a disability under § 12102(1)(A); and 2) the Amended Complaint states a claim that Defendant failed to accommodate her disability through its failure to engage in the interactive process. *See* Resp. Br. at 5-6, 7-8. Plaintiff contends she sufficiently alleges an actual "disability" as defined by § 12102(1)(A) and the two types of disability are presented as "alternative causes of action." *Id*. at 6. Plaintiff contends the allegation of a failure to engage in the interactive process is not asserted as a separate claim but it "merely helps establish Defendant's refusal to accommodate the Plaintiff." *Id*. at 7.

Defendant states in reply that Plaintiff's arguments are not responsive to the limited relief sought by the Motion. Defendant contends it "only requested that a 'regarded as' disabled 'failure to reasonably accommodate' claim be dismissed" and any separate claim of failure to engage in the interactive process be dismissed. *See* Reply Br. at 1, 2.

Upon consideration, the Court agrees with Defendant's position. Despite Plaintiff's argument in her brief explaining the claims she intends to pursue, the Amended Complaint

2

states her disability discrimination claims "includ[e] requests for accommodations and being regarded as disabled." *See* Am. Compl. ¶ 3.  Plaintiff expressly states as a basis for relief: "Discrimination due to Plaintiff's perceived disability and the failure to engage in the interactive accommodations process are prohibited by the Rehab Act." *Id.* ¶ 26. However, the Rehabilitation Act incorporates a statutory provision that states: "A covered entity . . . need not provide a reasonable accommodation . . . to an individual who meets the definition of disability in section 12102(1) of this title solely under subparagraph (C) of such section." *See* 42 U.S.C. § 12201(h); *see also* 29 C.F.R. § 1630.2(o)(4).  Thus, Plaintiff cannot assert a claim that Defendant failed to accommodate her disability to the extent it is based on her being "regarded as" disabled under § 12102(1)(C).  Further, the weight of authority holds that a failure to engage in the interactive process, by itself, does not establish a claim of disability discrimination.  *See Sansone v. Brennan*, 917 F.3d 975, 979-80 (7th Cir. 2019) ("the 'interactive process' is . . . a means for identifying a reasonable accommodation rather than an end in itself" so "an employer cannot be liable solely for refusing to take part in it"); *see also Hennagir v. Utah Dep't of Corr.*, 587 F.3d 1255, 1265 (10th Cir. 2009) ("Even if an employer fails to fulfill its interactive obligations to help secure a reasonable accommodation, the plaintiff will not be entitled to recovery unless she can also show that a reasonable accommodation was possible . . . .") (quoting *Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1174 (10th Cir. 1999)).

For these reasons, the Court finds that Defendant's Motion should be granted to the limited extent that it requests dismissal of a distinct claim that Defendant failed to engage in the interactive process to determine a reasonable accommodation or that Defendant

failed to accommodate Plaintiff while she was only "regarded as" disabled. As a matter of law, the interactive process contemplated by the Act does not provide a separate basis for relief, and an employer has no obligation to provide an accommodation for an individual who is "regarded as" disabled. Thus, the Amended Complaint fails to state a claim upon which relief can be granted on these grounds, and Defendant is entitled to a dismissal of any such claim under Rule 12(b)(6).

IT IS THEREFORE ORDERED that Defendant's Partial Motion to Dismiss Amended Complaint [Doc. No. 12] is GRANTED to the limited extent that Plaintiff cannot pursue a separate claim that Defendant failed to engage in the interactive process or a claim that Defendant failed to provide an accommodation if Plaintiff satisfies only the "regarded as" definition of disability under § 12102(1)(C).

IT IS SO ORDERED this 28th day of October, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge